IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RICHARD LEWIS MIFFIN,

    Plaintiff,

v.                                Civil Action No. 3:19-cv-64

SELENE FINANCE LP,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the AMENDED MOTION OF DEFENDANT SELENE FINANCE LP TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 19) (the "AMENDED MOTION"). For the following reasons, the AMENDED MOTION (ECF No. 19) will be granted, and dismissal will be with prejudice.

## BACKGROUND

Richard Miffin ("Miffin"), proceeding pro se, brings this action against Selene Finance LP ("Selene") for "accord and satisfaction" under Uniform Commercial Code ("UCC") § 3-311. Compl. at 3 (ECF No. 3). Selene is the mortgage servicer for Miffin's property in Chesterfield, Virginia. See ECF No. 3-1.

As alleged in the COMPLAINT (and the attached documentation), on or around November 26, 2018, Miffin mailed an $890 money order (the "November money order") to Selene in Houston, Texas, on which he wrote (in nearly indecipherable handwriting at the bottom)

"tendered as full satisfaction of the claim." ECF No. 3-1 at 2-3. Selene received the November money order, and applied the $890 to Miffin's November 2018 mortgage payment and to the outstanding principal amount. Id. at 4. Then, on November 29, 2018, Miffin sent a letter to Selene in which he asserted, inter alia, that: (1) the November money order was "Accepted and credited to my account on November 26, 2018 by [Selene]"; (2) the November money order "had the Contract statement written in a conspicuous place: 'Tendered as Full Satisfaction of the Claim'"; (3) UCC § 3-311(b) applies and establishes that Miffin's mortgage is discharged; (4) Selene's "acceptance and depositing of [the November money order] means [Selene] must credit [Miffin's mortgage account] to show[] the loan was fully satisfied on November 26, 2018"; and (5) Selene stop all collections and credit reporting on his mortgage "until this dispute is settled." Id. at 11. Miffin's mortgage on the Chesterfield property (as of December 2018) had an outstanding unpaid principal balance of approximately $63,000. See id. at 4; ECF No. 20 at 3.

Thereafter, on or around December 4, 2018, Miffin mailed a $900 money order (the "December money order") to Selene in Houston. ECF No. 3-1 at 1. The December money order had the words "Under Duress" written on the memo line. Id. Selene received the December money order and applied the $900 to Miffin's February 2019 mortgage

2

payment and to the outstanding principal amount. Id. at 4. Miffin then mailed two additional letters to Selene in which he once again asserted that his mortgage had been discharged by his writing "Tendered as Full Satisfaction of the Claim" on the November money order and Selene's subsequent depositing of the November money order. See id. at 10, 14. Miffin also demanded that Selene immediately acknowledge that his mortgage had been satisfied. See id. In a letter to Miffin dated December 28, 2018, Selene wrote: "Please note, writing 'tendered as full satisfaction of the claim' on your money order does not constitute paying the mortgage account in full." Id. at 4.

Miffin then brought this action against Selene in which he asserts that "Selene Finance LP accepted & deposited a money order with the terms written on the money order 'Tendered as Full Satisfaction of the Claim'. . .and the instrument was tendered as full satisfaction of the claim." Compl. at 4 (ECF No. 3). He goes on: "Selene Finance LP acted in dishonor & continue to be in dishonor although they admitted to cashing the two money orders." Id. Miffin seeks $1 million in damages because Selene's refusal to discharge the mortgage "has caused [him] stress with living, working, and completely enjoying life." Id.

Selene moves to dismiss the COMPLAINT pursuant to Fed. R. Civ. P. 12(b)(6).[1] ECF No. 19. Miffin has not filed a formal response to either the FIRST MOTION or the AMENDED MOTION. However, he did file a MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS (ECF No. 12), in which he arguably responded to the claims raised in the FIRST MOTION (which, again, is identical to the AMENDED MOTION except for the omission of the Roseboro notice). Given Miffin's pro se status, the MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS (ECF No. 12) will be construed as a response to the AMENDED MOTION. See ECF No. 23.

The Court has considered the COMPLAINT (ECF No. 3), the AMENDED MOTION (ECF No. 19), and the supporting and opposing memoranda thereto (ECF Nos. 12 and 20). The Court dispenses with oral argument because the facts and legal conclusions are adequately presented in the materials and oral argument would not aid in the decisional process. Thus, the matter is ripe for decision.

---

[1] Selene initially filed the MOTION OF DEFENDANT SELENE FINANCE LP TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 10) (the "FIRST MOTION"), which omitted the required Roseboro notice (although it was otherwise identical to the AMENDED MOTION (ECF No. 19)). Thereafter, Selene filed the currently pending AMENDED MOTION (ECF No. 19). The FIRST MOTION has been denied as moot. See ECF No. 23.

4

## THE STANDARDS GOVERNING FED. R. CIV. P. 12(b)(6)

Motions to dismiss based upon Fed. R. Civ. P. 12(b)(6) are evaluated under the following standards:

> In [considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss], we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. To survive a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" A claim is "plausible on its face," if a plaintiff can demonstrate more than "a sheer possibility that a defendant has acted unlawfully."

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Rockville Cars, 891 F.3d at 145 (citation omitted). Notwithstanding those basic principles, however, the Court does not "accept as true a legal conclusion couched as a factual allegation." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Further, courts construe pro se complaints liberally. As the Supreme Court has instructed, "[a] document filed pro se is 'to be

liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). That said, "[p]rinciples requiring generous construction of pro se complaints are not. . .without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

For the reasons set forth below, Miffin has failed to state a claim for "accord and satisfaction," and the AMENDED MOTION (ECF No. 19) will be granted.

### A. Subject Matter Jurisdiction

Initially, it is necessary to ensure that subject matter jurisdiction exists over Miffin's claims. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-85 (1999). The COMPLAINT asserts that the Court has federal question jurisdiction and cites UCC § 3-311 as the federal statute conferring such jurisdiction. See ECF No. 3. The UCC is not a federal statute conferring federal question jurisdiction on this Court. The COMPLAINT alleges no other basis for federal question jurisdiction.

Thus, it is necessary to consider whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. In its MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

PLAINTIFF'S COMPLAINT (ECF No. 20), Selene assumed that diversity jurisdiction existed. Because it was unclear whether diversity of citizenship existed between the parties, the Court ORDERED Selene to provide a brief in which it explained its citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 23.

In its brief responding to that ORDER, Selene represents that it is a Delaware-registered limited partnership; that its principal place of business is Texas; and that its two partners are domiciled in Delaware, with principal places of business in Pennsylvania. ECF No. 24. Selene has no connection to Virginia. See id. Miffin is a citizen of Virginia. See Compl. at 1 (ECF No. 3). He asserts an amount in controversy in excess of $75,000. Id. at 4. Accordingly, the requirements for diversity jurisdiction are satisfied. See, e.g., 28 U.S.C. § 1332(a); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999) (describing amount in controversy and complete diversity requirements).

### B. Miffin Has Failed To State A Claim

Selene argues that Miffin has failed to state a claim under Virginia's "accord and satisfaction" statute, and that, accordingly, the COMPLAINT must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See ECF No. 20 at 5-9. That is so, argues Selene, because Miffin neither acted in good faith, nor was there

a bona fide dispute about his mortgage amount. Miffin's response argues that "PLAINTIFF has a bonafide [sic] dispute," that Selene was "notified and had ample amount of time after the first money order which had in conspicuous notation, 'Full Satisfaction of the Claim', written on the money order and it was sent to them to release the lien and was a modification and a bonafide [sic] dispute," and that "Defendant has agreed the mortgage was modified by depositing the first money order." ECF No. 12 at 1. For the reasons set forth below, Miffin has failed to state a claim, and accordingly, the AMENDED MOTION (ECF No. 19) is granted.

### a) Virginia Accord And Satisfaction Law

It is first necessary to examine Virginia's "accord and satisfaction" statute, Va. Code § 8.3A-311.[2] This statute provides, in relevant part:

> (a) If a person against whom a claim is asserted proves that (i) that person <u>in good faith</u> tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a <u>bona fide dispute</u>, and (iii) the claimant obtained payment of the instrument, the following subsections apply. For purposes of this subsection, a person does not act in good faith when tendering a check in full satisfaction of an obligation under a loan if

---

[2] As Selene notes, Va. Code § 3-311 is nearly identical to UCC § 3-311, which Miffin argues is the basis for his action. See ECF No. 20 at 5 n.1; see also <u>Helton v. Phillip A. Glick Plumbing, Inc.</u>, 672 S.E.2d 842, 843 (Va. 2009); <u>Brucato v. Ezenia! Inc.</u>, 351 F. Supp. 2d 464, 468-69 (E.D. Va. 2004).

> (i) such check is for less than the amount due under the terms of the loan agreement and (ii) such check is tendered to a person without knowledge of a dispute concerning the loan.³
>
> (b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim. . . .

Va. Code § 8.3A-311 (emphasis added).

As the Supreme Court of Virginia has held, to prove "accord and satisfaction" under Va. Code § 8.3A-311, "the debtor[] must prove that: (1) he in <u>good faith</u> tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute and (3) the claimant obtained payment of the instrument." <u>Helton</u>, 672 S.E.2d at 843 (emphasis added). "Good faith" requires "honesty in fact and the observance of reasonable commercial standards of fair dealing." Va. Code § 8.3A-103(a)(4); <u>Helton</u>, 672 S.E.2d at 844.

And, "[u]nless subsection (c) of the statute applies, the claim is discharged if the debtor proves that the instrument or an

---

³ A "check" is defined as "(i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check. An instrument may be a check even though it is described on its face by another term, such as 'money order.'" Va. Code § 8.3A-104(f). Miffin provided a "postal money order," which does not appear to fit within the statutory definition of "check."

accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."[4] Id.; see also Middleburg Volunteer Fire Dep't, Inc. v. McNeil & Co., Inc., 60 F. Supp. 3d 640, 651 (E.D. Va. 2014) (citing Brucato, 351 F. Supp. 2d at 468) (analyzing the requirements of Va. Code § 8.3A-311). "Conspicuous. . .means a term or clause that a reasonable person 'ought to have noticed.' This definition describes a physical attribute of the statement, not the content or meaning conveyed by the statement." Gelles & Sons Gen. Contracting, Inc. v. Jeffrey Stack, Inc., 569 S.E.2d 406, 407 (Va. 2002).

"[A]n accord and satisfaction is an agreement between two parties, [so] it requires all the essential elements of any contract, namely offer, acceptance, and consideration." Middleburg, 60 F. Supp. 3d at 651 (citing Brucato, 351 F. Supp. 2d at 469) (discussing Va. Code § 8.3A-311). Other than the "conspicuous statement" requirement, Virginia's statute "also requires that a reasonable person would have understood that the instrument was tendered in full satisfaction of the claim." Middleburg, 60 F. Supp. 3d at 651. Where there is a disputed debt amount, acceptance of a check by the lender "is prima face evidence

---

[4] Neither party argues that subsection (c) of the statute applies.

10

that the check constituted payment in full of the disputed account." Gelles, 569 S.E.2d at 408 (internal quotations omitted). However, "[t]he acceptance of a check on which appears 'in full of account,' or words of like import, does not in fact close the account unless it was accepted with intelligent appreciation of its possible consequences, coupled with knowledge of all relevant facts." Id. (internal quotations omitted).

### b) Application To Miffin's Case

Miffin fails to state a claim for "accord and satisfaction" under Va. Code § 8.3A-311 for two reasons. First, he did not act in good faith. Second, there was no bona fide dispute about his mortgage amount before he sent the November money order.

As discussed above, good faith requires "honesty in fact and the observance of reasonable commercial standards of fair dealing." Va. Code § 8.3A-103(a)(4); Helton, 672 S.E.2d at 844. The "good faith" requirement was satisfied in Helton where the debtor mailed a cashier's check to the creditor's business address, the check was clearly marked "Paid in Full," there was a letter accompanying the check explaining that the check was in full satisfaction of the claim, and the amount of the claim was actually in dispute. 672 S.E.2d at 844. Importantly in Helton, prior to sending the check marked "Paid in Full," Helton had made clear to Glick Plumbing that he was disputing the amount that Glick Plumbing

11

was billing him. See id. at 842-43. On the other hand, the Court did not find "good faith" in Hooten ex rel. GEICO v. Reed, in part because the defendant had mailed a letter (seeking to settle her claim for 10 percent of the claim amount) "To Whom it May Concern," when the defendant had previously been dealing with a particular agent at GEICO. 77 Va. Cir. 161, *2 (2008). The Court was troubled by the defendant's failure to send the letter to the GEICO agent with whom she had been dealing. See id. The Hooten Court concluded:

> The accord and satisfaction statute is to resolve disputes concerning unliquidated claims based on certain conditions. It was not enacted to promote defenses based on confusion or obfuscation or to provide some type of lottery where people send in partial payments to businesses on liquidated claims, absent any real dispute or even a stated denial, addressed to "To Whom It May. Concern", without any identifying claim information, in hopes that the check will be cashed.

Id.

Miffin's COMPLAINT demonstrates, on its face, that he did not act in good faith. He mailed an $890 money order to Selene with the words (in nearly indiscernible handwriting) "tendered as full satisfaction of the claim" written on it. See ECF No. 3-1 at 2. Although Miffin had an outstanding mortgage principal balance of $63,298.98 (as of December 2018), he contends that Selene's cashing of this money order (for a fraction of the outstanding mortgage amount) discharges his mortgage. Id. at 4. He has alleged no

12

facts that, before the November money order, he had disputed his mortgage amount with Selene. See ECF No. 20 at 9 ("Plaintiff has not alleged in any way that he disputed the amount or extent of his liability under the mortgage prior to sending Selene the November 2018 money order—let alone that Selene agreed to accept less than the full amount it was owed to settle the purported dispute."). And, unlike in Helton, Miffin's letter calling attention to the November money order (as full satisfaction of the claim) was sent three days after the November money order was sent and had already been credited to Miffin's account. See ECF No. 3-1 at 11; Helton, 672 S.E.2d at 844.

Without previously informing Selene that he had a dispute about his mortgage amount, Miffin mailed the November money order to a general mailing address of Selene. Upon Selene's cashing of that money order, Miffin expects that he is now free of his mortgage.[5] The Court is aware of no authority that holds that such

---

[5] The November money order was sent to "Selene Finance LP, 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042." See ECF No. 3-1 at 2-3. Selene maintains that this address was "for regular overnight correspondence," although the letters from Selene that Miffin attaches to the COMPLAINT all include this address. See ECF No. 20 at 7; ECF No. 3-1 at 4-5, 15.

Further, the subsequent letters that Miffin mailed to Selene following his sending of the money orders were all addressed to "Joseph Pensabene dba President and CEO Selene Finance LP." ECF No. 3-1 at 10-14. Nowhere does Miffin allege that Mr. Pensabene had any knowledge of a dispute about his mortgage amount prior to the November money order.

a gimmick constitutes "good faith." See Hooten, 77 Va. Cir. at *2.

It is also clear that Miffin's mortgage amount was not "subject to a bona fide dispute" prior to his sending of the November money order. See Va. Code. § 8.3A-311(a)(ii). Helton is instructive on the issue of bona fide dispute. 672 S.E.2d at 844. There, before sending the check on which he wrote "Paid in Full,"

> Helton complained to [Glick] more than once concerning allegations of overbilling and wasted materials. Helton told Glick that the issue of wasted time and materials would need to be addressed before full payment would be made. Further, Helton wrote two letters to Glick about his allegations that workers were "goofing off" and wasting time.

Id. Based on this evidence, the Supreme Court of Virginia concluded that "the amount of Glick Plumbing's claim was the subject of a bona fide dispute." Id. The Court ultimately held that "Helton proved an accord and satisfaction by use of an instrument." Id. Helton teaches that, to discharge a claim using accord and satisfaction, the bona fide dispute must exist prior to the mailing of an instrument marked "Paid in Full" (or something similar).

Here, Miffin has alleged no facts from which it could plausibly be inferred that there was a bona fide dispute about his mortgage amount before he sent the November money order. See ECF No. 20 at 9. In other words, unlike in Helton, Miffin had not disputed the amount he owed to Selene prior to November 2018. And, in his response (ECF No. 12), Miffin argues that the bona

14

fide dispute was established when he sent the November money order and subsequent letters to Selene. Miffin tries to establish a bona fide dispute that he manufactured by writing "Tendered as Full Satisfaction of the Claim" on the November money order. That does not suffice to establish a bona fide dispute.

At bottom, Miffin's claim proceeds as follows: (1) without prior warning, he sent Selene (at a general mailing address) an $890 money order with "tendered as full satisfaction of the claim" scrawled in tiny handwriting on the bottom; (2) Selene cashed that money order; and (3) now his mortgage is discharged, despite him owing significantly more than $890. This sort of gimmick does not remotely qualify as an "accord and satisfaction" under Virginia law, even under a deferential reading of the COMPLIAINT required for pro se litigants. Miffin has failed to state a claim for "accord and satisfaction."

And, because the COMPLAINT and Miffin's response (ECF No. 12) make clear that Miffin believed that the November money order established a "bona fide dispute" about his mortgage amount, he will be unable to establish a claim, even if allowed to amend his COMPLAINT. Thus, "amendment is futile" and dismissal is with prejudice. See Lokesh Babu Vuyyuru v. Wells Fargo Bank, No. 3:15CV598, 2016 WL 4059357, at *5 (E.D. Va. July 28, 2016).

Accordingly, the AMENDED MOTION (ECF No. 19) will be granted without leave to amend.

## CONCLUSION

For the foregoing reasons, the AMENDED MOTION OF DEFENDANT SELENE FINANCE LP TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 19) will be granted, and the dismissal will be with prejudice.

The Clerk is directed to send a copy of this MEMORANDUM OPINION to Miffin.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 10, 2019